STATE of Minnesota, Respondent,

v.

Richard J. LAYMAN, Appellant.

No. C1–85–334

Court of Appeals of Minnesota.

Nov. 12, 1985.

Review Denied Jan. 17, 1986.

Hubert H. Humphrey, III, State Atty. Gen., St. Paul, Robert J. Alfton, Minneapolis City Atty., Timothy S. Skarda, Asst. City Atty., Minneapolis, for respondent.

Robert C. Sipkins, Minneapolis, for appellant.

Heard, considered and decided by SEDGWICK, P.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

A complaint dated January 17, 1985, charged appellant Richard Layman with aggravated driving violations (Minn.Stat. § 161.129 (1984)); physical control while under the influence (Minn.Stat. § 169.121 (1984)); and driving after revocation (Minn. Stat. § 171.24 (1984)).

Layman was convicted by a jury of aggravated driving violations (§ 161.129) and physical control while under the influence (§ 161.121). He appeals from the judgment. We reverse and remand for new trial.

## FACTS

Richard Layman and Nancy Layman attended a family Christmas party in Crystal, Minnesota, on December 23, 1984. Nancy had driven them there in their pickup truck. Because Richard's driver's license had been revoked in July 1984, Nancy did all the driving for the couple. While at the party, Richard had several mixed drinks or beers, but Nancy drank nothing alcoholic. They left the party between 9:30 and 10:00 p.m.

On the way home, the Laymans stopped at a bar. Nancy parked the truck behind the bar, partly in the alley and partly in the parking lot of a neighboring business. Richard had a few more beers before closing time. Nancy had a soda and left because the music was too loud. They agreed to meet back at the bar or truck around closing time.

Nancy thought the bar closed at 1:00 a.m., so she went to play video games and shop. In fact, the bar closed at midnight. Shortly before closing, Richard left the bar and waited for Nancy in the truck. He had his own set of car keys, and because it was cold, he started the car and turned on the heat. He also turned on the headlights. Richard testified that he did not intend to drive, and there is no indication that he planned to drive.

Around 12:30 a.m., a police officer drove his car through the alley behind the bar and saw the truck parked partly in the alley. He flashed his spotlight at the person behind the wheel, who appeared to be asleep or passed out. The officer then pounded on the driver's window, again eliciting no response. He opened the truck door and shook Richard, who identified himself. The officer placed Richard in the back seat of his squad car. Richard was unsteady on his feet and his eyes were bloodshot.

The officer discovered that Richard's license was revoked. Based upon this and his visual observations of Richard, the officer placed him under arrest. Richard told him he was merely waiting for his wife to drive him home, but the officer did not believe him. The truck was towed at about 12:50 a.m. and the officer took Richard to the Chemical Testing Unit of the Minneapolis Police. Richard refused to take any test.

Richard Layman was convicted by a jury of aggravated driving violations (§ 161.129) and physical control while under the influence (§ 169.121).

## ISSUE

Did the trial court prejudicially err in its instruction to the jury defining physical control?

## ANALYSIS

Over appellant's objection, the trial court instructed the jury that the definition of physical control is as follows:

> The phrase "physical control of a motor vehicle" means that a person who is present in a motor vehicle is in a position to physically control the movement of the motor vehicle and *should be construed broadly.*

(Emphasis added).

■ Appellant argues that this instruction is an incorrect statement of the criminal law regarding the violation of driving while under the influence of alcohol (DWI). Only in the civil law (here, implied consent cases) should the phrase physical control be construed broadly or liberally. Appellant also argues that this error is prejudicial.

Penal statutes must be construed strictly. Any reasonable doubt must be interpreted in favor of the defendant. *State v. Corbin,* 343 N.W.2d 874, 875–76 (Minn.Ct. App.1984), (citing *State v. Olson,* 325 N.W.2d 13, 19 (Minn.1982)); *State v. Haas,* 280 Minn. 197, 200, 159 N.W.2d 118, 121 (1968)).

■ Instructing the jury that the phrase "physical control" should be construed broadly was prejudicial error since it affected the jury's deliberations on a key definition of the controlling statutes.

Therefore, we reverse on this issue and remand for new trial.

■ Appellant argues that the trial court erred by convicting him both of aggravated driving violations (§ 169.129) and of the lesser included offense of physical control while under the influence (§ 169.121). It appears from the computer print-out that a judgment of conviction was entered on both counts.

While both counts must be tried together pursuant to Minn.Stat. § 609.035 (1984), the court must only enter a judgment of conviction and sentence on one count. See Minn.Stat. § 609.04 (1984).

## DECISION

We reverse based upon the erroneous jury instruction and remand for new trial.